# Exhibit A

PINILISHALPERN, LLP
160 Morris Street
Morristown, NJ 07960
Tel: (973) 401-1111
Fax: (973) 401-1114
Attorneys for Plaintiff
File No. 11303

---

SKYWORKS VENTURES, INC.,

                Plaintiff,

vs.

SCAROLA ELLIS, LLP,

                Defendant.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
COUNTY OF MIDDLESEX
DOCKET NO.  MID-C-

*Civil Action*

VERIFIED COMPLAINT
AND JURY DEMAND

---

Plaintiff Skyworks Ventures, Inc. ("Skyworks" or "Plaintiff"), is a Delaware corporation with its principal offices located in Jamesburg, New Jersey.  By and through its attorneys, PinilisHalpern, LLP, Skyworks complains of the Defendant, Scarola Ellis, LLP ("Scarola" or "Defendant"), as follows:

## FACTUAL BACKGROUND MATERIAL TO ALL COUNTS

1. Defendant Scarola Ellis LLP (hereinafter "Scarola" or "Defendant") is a New York law firm with a multi-jurisdictional practice.   Scarola represented Plaintiff in New Jersey.

2. In the course of representing the Plaintiff, Scarola breached its fiduciary duties and ethical obligations to the Plaintiff by, among other things, misusing Plaintiff's confidential and proprietary investor lists to solicit new business for itself.

3. To make matters worse, in violation of federal law, Defendant sent illegal "spam" email solicitations to Plaintiff's investors.

4.      Adding insult to injury, Scarola mercilessly overbilled Plaintiff for its services by consistently exceeding its own estimates, sometimes by as much as 300%.

5.      Plaintiff complained about Scarola's practices and Scarola eventually terminated representation.

6.      Scarola continued misusing Plaintiff's confidential and proprietary investor lists sending spam e-mail solicitations to Plaintiff's investors, inviting them to attend conferences and seminars put on by Scarola to try and "drum up" business from entrepreneurs and investors potentially interested in forming "start up" companies.

7.      In addition to all of the above, Scarola improperly refused to turn over to Plaintiff its client files. And in contravention of R. 1:20A-6, Scarola twice sued Plaintiff in New York seeking legal fees, without first offering Plaintiff fee arbitration.

8.      Scarola boasts on its website that "[m]ost of our attorneys practiced for many years in New York's finest large law firms," and have chosen to leave the large firms for what it describes as a "small firm setting because it provides us and our clients great efficiencies."

9.      Scarola's marketing mantra includes a promise that it performs high quality legal services at significantly lower costs than larger firms.  Scarola's website trumpets a claim that it has "the talent, resources and technology to do the work of much larger firms, with far more efficiency…."

10.     Importantly, Scarola markets itself to "emerging companies" by claiming that it implements "scalable solutions" that "support and facilitate their profitable growth, from early stages of financing through their growth into public companies."

11.     Skyworks (formerly known as "Anedom Company, Inc."), is an "emerging company" in the computer gaming industry.

2

12.     Skyworks initially retained Scarola in June 2007 to assist it with capital raising efforts. Unfortunately, rather than providing "scalable solutions" with "great efficiencies," Scarola consistently billed Skyworks amounts far exceeding what would be considered fair and reasonable. Indeed, Scarola always exceeded Scarola's own estimated budgets, invoicing Skyworks approximately $1,200,000 for legal services incurred on an hourly basis between June 2007 and July 2009.

13.     Of the $1,200,000 billed by Scarola, Skyworks paid Scarola $921,896. Throughout the course of the relationship, Skyworks questioned and complained about the excessive fees. However, because Skyworks was an emerging company that had put its faith and trust in Scarola to honor its promise that it had the ability to combine what it described as great talent with "scalable solutions" and "great efficiency," Skyworks continued using Scarola for approximately two years.

14.     Scarola's fees, however, were excessive and not reasonable under the Rules of Professional Conduct. (R.P.C. 1.5(a)). The excessive nature of the fees, coupled with the fact that Scarola improperly abused its position of trust with Skyworks by soliciting its investors, refusing to return Skyworks' client files and proprietary information, and suing Skyworks in violation of R. 1:20A-6, have materially impacted Skyworks' cash position and ability to continue as a going concern.

15.     In this action, Skyworks seeks the return of fees paid to Scarola, the return of all client files, and payment for damages sustained as a result of Scarola's actions.

**Scarola's  Misappropriation and Illegal Use Skyworks' Confidential Information For Scarola's Selfish Benefit**

16.     During the course of the attorney-client relationship, Scarola became privy to Skyworks' highly confidential and proprietary list of investors.  The information obtained includes email addresses of Skyworks' investors.

17.     Scarola, without Skyworks' permission, misappropriated this information for its own benefit and has added Skyworks' investors to Scarola's email mailing list to benefit itself and solicit business.

18.     To make matters worse, the email solicitations that Scarola sent to Skyworks's investors violate FTC rules governing opt/in and opt/out requirements as set forth in the "CAN-SPAM Act."

19.     Scarola does not offer an opt-in option, let alone a double opt-in.

20.     The CAN-SPAM Act requires commercial communications include a clear and conspicuous explanation of how the recipient can opt out of getting email from you in the future.

21.     The CAN-SPAM Act further requires parties to honor opt-out requests promptly, but no later than 10 business days.

22.     Scarola's email marketing list violates the basic requirements of the CAN-SPAM Act's requirements governing opt-in and opt-out procedures.  The emails sent to Skyworks' investors (using information obtained during the course of the attorney-client relationship) do not provide an easy to use opt-out procedure, and Scarola indicates it may not be able to accommodate such requests.

23.     Scarola's actions, and the potential for further improper activity, interferes with and disrupts Skyworks's critically important relationship with its investors.

4

**Scarola Overbills and Improperly Refuses to Return Skyworks's Client Files**

**(Matter 2104.02/ Venture)**

24.    Skyworks, an "emerging company" focused on computer gaming programs, first retained Scarola in June 2007 to assist it with a financing transaction.

25.    By letter dated June 4, 2007, Scarola set forth in writing the terms of the retainer agreement between Scarola and Skyworks (formerly known as Anedom Company, Inc.) (the "June 4, 2007 Contract").

26.    Scarola estimated that the fees and charges in connection with the financing transaction would be $15,000 to $20,000. Scarola requested a retainer payment in the amount of $15,000. The cost estimate provided by Scarola was a significant factor and prime motivator for Skyworks choosing Scarola over other law firms.

27.    Skyworks paid to Scarola the $15,000 retainer in June 2007.

28.    On September 4, 2007, Scarola invoiced Skyworks $29,328.19 for work performed in connection with the first financing transaction, resulting in a balance of $14,328.19 after application of the $15,000 retainer.

29.    Skyworks questioned the substantial difference in cost between the actual fees charged, and the initial estimate. Nevertheless, Skyworks paid to Scarola the additional $14,328.19 for a total of $29,328.19.

30.    On October 26, 2009 and November 4, 2009 Skyworks demanded the return of all files pertaining to the initial financing transaction.

31.    Notwithstanding that all fees charged by Scarola on this matter have been paid in full by Skyworks, Scarola has refused to return the files.

5

32.    Between October 2007 and July 2009, Scarola assisted Skyworks in connection with five additional financing transactions.

33.    Skyworks paid Scarola $297,509.44 in connection with these four financing transactions.  These repetitive transactions should have cost at least $200,000 less than Scarola actually charged.

34.    On October 26, 2009, and November 4, 2009, Skyworks demanded the return of all files pertaining to these four financing transactions.

35.    Scarola has refused to return the files pertaining to these transactions.

**(Matter 2104.01/ General )**

36.    From February 2008 through July 2009, Scarola performed general corporate work for Skyworks.

37.    From February 2008 through October 21, 2008, Scarola billed Skyworks $56,429.00 in total on these general corporate matters.

38.    Skyworks paid Scarola $56,429.00 on these matters, resulting in no outstanding fees as of November 17, 2008.

39.    On October 26, 2009, and November 4, 2009, Skyworks demanded the return of all files pertaining to this general corporate work.

40.    Scarola has refused to return the files.

41.    Between November 2008 and July 2009, Skyworks paid Scarola an additional $24,119.23 for additional corporate matters.

42.    On October 26, 2009, and November 4, 2009, Skyworks demanded the return of all files pertaining to these corporate matters.

43.    Scarola has refused to return the files.

**(Matter 2104.03/ I.P.)**

44. From August 2007 through October 2007, Scarola performed work for Skyworks pertaining to certain Intellectual Property (the "IP Matter").

45. Scarola billed Skyworks $4,554.00 in total on this matter.

46. Skyworks paid Scarola $4,554.00 resulting in no outstanding fees on this matter.

47. On October 26, 2009, and November 4, 2009, Skyworks demanded the return of all files pertaining to the IP matter.

48. Scarola has refused to return the files.

**(Matter 2104.04/ Skyworks (Acquisition))**

49. Between August 2007 and March 2008, Scarola performed work on behalf of Skyworks pertaining to a business combination. Skyworks requested the work be performed for $100,000. Scarola estimated the cost would be $150,000. Skyworks agreed to permit Scarola to represent Skyworks notwithstanding that the estimate was more than Skyworks thought was reasonable.

50. Scarola billed and Skyworks paid $434,987.95 on this matter - $284,987.95 more than Scarola's own estimate.

51. During the course of the engagement, Scarola conducted due diligence on behalf of Skyworks. One of the purposes of conducting due diligence was to identify and assess the validity of any outstanding indebtedness owed by the target company.

52. Scarola identified an outstanding debt allegedly owed by the target company to an individual named Dan Siegel in the face amount of $500,000. Scarola never effectively informed Skyworks' management that there was no written loan documentation or other evidence of the amount actually owed by the target company to Mr. Siegel.

53.    Scarola made no effort to examine or confirm the outstanding alleged debt, and determine the true amount of the loan.  Nevertheless, Scarola prepared an estoppel agreement whereby the target company was bound to pay the full amount allegedly owed on this undocumented loan.

54.    Skyworks management would not have agreed to enter into the estoppel agreement in the full amount had Scarola informed them that the loan was undocumented and that partial payments had previously been made.

55. ·   On October 26, 2009, and November 4, 2009, Skyworks demanded the return of all files pertaining to this matter.

56.    Scarola has refused to return the files.

**(Matter 2104.05/ Offshore Financing)**

57.    Between May 2008 and July 2008, Scarola performed work for Skyworks pertaining to offshore financing (the "Offshore Financing Matter").

58.    Scarola estimated the work would entail approximately ten hours of billable time. Scarola actually billed Skyworks for more than the twenty hours of billable time, or $11,131.95 in total on this matter.

59.    Skyworks paid Scarola $11,131.95 resulting in no outstanding fees.

60.    On October 26, 2009, and November 4, 2009, Skyworks demanded the return of all files pertaining to this matter.

61.    Scarola has refused to return the files.

**(Matter 2104.06/ Corporate Secretary)**

62.    Between July 2008 and April 2009, Scarola performed general corporate Secretary work on behalf of Skyworks.

8

63. Skyworks paid Scarola $38,531.41 for this work.

64. On October 26, 2009, and November 4, 2009, Skyworks demanded the return of all files pertaining to this matter.

65. Scarola has refused to return the files.

**(Matter 2104.07/ Skyworks Subsidiary)**

66. Between July 2008 and July 2009, Scarola performed work on a file referred to as "Skyworks subsidiary."

67. Skyworks paid Scarola $5,304.86 on this matter.

68. On October 26, 2009, and November 4, 2009, Skyworks demanded the return of all files pertaining to this matter.

69. Scarola has refused to return the files.

**(Matter 2104.08/ Litigation)**

70. In 2008, Skyworks was utilizing a different law firm to represent it in connection with a potential infringement of its intellectual property. Scarola initially advised Skyworks not to pursue the litigation. Later, in late 2008, Scarola induced Skyworks to change counsel, and pursue the litigation using Scarola as counsel.

71. Skyworks and Scarola expressly agreed that the fees incurred in connection with the investigation/complaint (Phase I) of this potential lawsuit would be capped at $20,000.

72. Notwithstanding the agreed upon "cap" of fees, on March 16, 2009 Scarola invoiced Skyworks fees of $61,278.63. Skyworks complained about the amount billed and requested Scarola's work product.

73.    On April 2, 2009, Skyworks paid Scarola $20,000. To make this payment, Skyworks was required to terminate staff. Skyworks advised Scarola of the damage the $61,278.63 invoice was causing to its ability to remain in business.

74.    On October 26, 2009, and November 4, 2009, Skyworks demanded the return of all files pertaining to this matter.

75.    Scarola has refused to return the files.

**Scarola's Overbilling**

76.    Throughout the course of the relationship, Scarola consistently overbilled Skyworks for legal services that were unnecessary, duplicative, and/or unwarranted. Scarola also invoiced Skyworks amounts far beyond their own estimates and industry standards.

**The Financings**

77.    As noted above, Scarola estimated that the fees and charges in connection with the first financing transaction would be in the range of $15,000 to $20,000. On September 4, 2007, Scarola invoiced Skyworks $29,328.19 for work performed in connection with the first financing transaction.

78.    The $29,328.19 billed in connection with the first financing transaction was $9,328.19 higher than Scarola's highest estimate provided in the June 4, 2007 Contract.

79.    Between October 2007 and July 2009, Scarola assisted Skyworks in connection with five similar financing transactions.

80.    Skyworks paid Scarola $297,509.44 in connection with these four additional financing transactions – an average of $74,377.36 per financing – even though the transactions were essentially identical.

81.    The amounts invoiced on these financings far exceed the reasonable fees and expenses charged by attorneys under like circumstances.

**The Acquisition**

82.    Scarola also represented Skyworks in connection with an Acquisition by Skyworks of a $2 million company whose assets consisted of intellectual property.

83.    The law firm of Darby & Darby P.C. was retained by Skyworks to provide advice regarding the intellectual property and billed Skyworks approximately $90,000.

84.    Scarola was utilized by Skyworks to document the transaction and initially recommended that the acquisition be structured as an asset purchase. Opposing counsel at a top tier law firm insisted that the transaction be structured as a stock purchase.

85.    Scarola proceeded to document the transaction as an asset purchase and billed Skyworks for this time.

86.    Later, Scarola's attorneys were advised that the Acquisition should be structured as a stock purchase given the client's needs and objectives.

87.    Scarola's attorneys should have known that the Acquisition should have been structured as a stock purchase especially since Scarola had sought advice from tax counsel (at Skyworks' expense).

88.    Nevertheless, Scarola billed Skyworks $484,987.95 in fees and expenses in connection with this $2 million Acquisition, including time spent documenting the transaction as an asset purchase.

89.    The $484,987.95 in fees and expenses in connection with this $2 million Acquisition far exceeds the reasonable fees and expenses charged by attorneys under like circumstances.

11

90.     Skyworks paid Scarola $434,987.95 in connection with the Acquisition.

91.     Scarola extended a $10,000 "Courtesy Fee Reduction," resulting in an alleged balance of $40,000.

92.     Even though Skyworks has paid Scarola $434,987.95 – far in excess of what the bill should have been had Scarola pursued the correct acquisition strategy and documentation from the beginning – Scarola demands payment of the remaining $40,000 allegedly owed by Skyworks. Skyworks offered to pay the $40,000 in stock and Scarola agreed. The paperwork was never completed on this arrangement for a variety of reasons, including Scarola's actions.

**The Potential Litigation**

93.     Another example of Scarola's overbilling involved the potential litigation Skyworks was interested in investigating pertaining to potential infringements of its intellectual property.

94.     Skyworks and Scarola expressly agreed that the fees incurred in connection with the investigation/complaint (Phase I) of this potential lawsuit would be capped at $20,000, and that Scarola would bill $20,000, period.

95.     Despite this express agreement, Scarola never contacted Skyworks to inform them that the billings had exceeded $20,000.

96.     Further, Scarola never provided Skyworks with work product so as to inform Skyworks of the extent and amount of work that had been performed.

97.     Contrary to their agreement, on March 16, 2009, Scarola invoiced Skyworks fees of $61,278.63 for this potential litigation matter, even though no Complaint had been filed or sent to Skyworks for its review.

**Skyworks Complained of Scarola's Overbilling**

98.    Throughout the course of Scarola's representation of Skyworks, Scarola consistently exceeded clearly defined and negotiated estimates and/or caps regarding the amount of legal fees and expenses to be incurred in the above-referenced matters.

99.    Throughout the course of the relationship between Scarola and Skyworks' CEO Nasir Wajihuddin consistently voiced concerns over Scarola's excessive bills and informed his Board of Directors of Scarola's fees.

100.    As a result of Skyworks' complaints, Scarola provided Skyworks with $49,959.19 in "Courtesy Fee Reductions" on various matters.

101.    Skyworks did not have a general counsel or other in-house lawyer and relied on Scarola to tell Skyworks what legal services needed to be performed and the costs associated with those services.

102.    To date, Skyworks has paid Scarola legal fees pertaining to every single file Scarola opened on their behalf.

103.    Skyworks has paid approximately $921,896 to Scarola.

### COUNT I – BREACH OF FIDUCIARY DUTY

104.    Skyworks restates and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 100 above.

105.    As Skyworks' legal counsel, Scarola was under a duty to deal with Skyworks fairly, honestly, and with undivided loyalty.

106.    Scarola breached this duty by misusing Skyworks's confidential and proprietary information for its own benefit without the permission of Skyworks, by consistently overbilling

13

Skyworks for the work performed, and by refusing to return to Skyworks property belonging to Skyworks upon and after the termination of representation.

107.    As a proximate result of Scarola's breach, Skyworks sustained losses, actual damages, and irreparable harm.

## COUNT III – BREACH OF CONTRACT

108.    Skyworks restates and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 106 above.

109.    Skyworks entered into a contract with Scarola whereby Scarola would provide legal representation to Skyworks on an hourly basis.

110.    Scarola breached this contract by consistently overbilling Skyworks for the work performed, and is therefore in breach of contract.

111.    As a proximate result of Scarola's breach, Skyworks sustained losses and actual damages from the overpayment of fees and expenses.

## COUNT IV - REPLEVIN

112.    Skyworks restates and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 110 above.

113.    All of Skyworks' client files created during Scarola's representation of Skyworks – including hard copy files, electronically stored documents, and internal memoranda (including electronic mail) – are the rightful property of Skyworks.

114.    On October 26, 2009, Skyworks sent a letter to Scarola requesting the return of Skyworks' client files in Scarola's possession.

115.    On October 28, 2009, Scarola responded via electronic mail refusing Skyworks' request.

14

116.   On November 4, 2009, Skyworks sent a second letter to Scarola demanding the immediate return of Skyworks' client files in Scarola's possession.  That letter made it clear that any alleged holding liens were inapplicable to those matters for which Skyworks had fully paid Scarola.

117.   Scarola has failed to return any of Skyworks' client files in Scarola's possession.

118.   Skyworks has immediate right to possession of the Skyworks' client files which Scarola has wrongfully retained, and which properly belong to Skyworks.

119.   The failure of Scarola to return Skyworks' property has caused Skyworks harm and caused it to incur additional and unnecessary expenses.

WHEREFORE, Skyworks demands judgment as follows:

A.     Compensatory damages;

B.     Injunctive relief;

C.     Punitive damages;

D.     Reasonable attorneys' fees and costs; and

E.     Such other and further relief as the Court may deem just and proper.

By: _____
       William J. Pinilis

Date:  May 14, 2010

15

## VERIFICATION

I am the Chief Executive Officer of Skyworks Ventures, Inc., Plaintiff in the above

matter. I have read the foregoing Verified Complaint, and I hereby declare under penalty of

perjury that the statements made by me in the Verified Complaint are true and correct to the best

of my knowledge, information, and belief.

By: _____
Nasir Wajihuddin, Chief Executive Officer
Skyworks Ventures, Inc.

Date: May 14, 2010

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1(c), William J. Pinilis, Esq. is hereby designated as trial counsel for

Plaintiff in this matter.

## JURY DEMAND

Plaintiff hereby demands a trial by a jury on all issues so triable.

## DEMAND FOR DISCOVERY OF INSURANCE INFORMATION

In accordance and R. 4:10-2(b), Plaintiff hereby demands discovery of any and all

insurance agreements or policies which may be available to satisfy part of any judgment

rendered in this matter against any Defendant in favor of Plaintiff. For each insurance agreement

or policy available to each party, please provide the following: (A) The name of the insurance

company; (B) The named insured; (C) The names of any additional insured; (D) The policy

period; and (E) The limits of coverage. Please produce this information within thirty days.

By: _____
William J. Pinilis

Date: May 14, 2010

16

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that the matter in controversy herein is not the subject of any other action pending in any court nor of a pending arbitration proceeding and that no such action or arbitration is contemplated. I further certify that I am unaware of any other person who should be joined in this litigation.

The Court should be aware that there are other arguable related actions pending:

- Scarola Ellis LLP v. Skyworks Ventures Inc., et al., No. 09-cv-10003-DLC (S.D.N.Y. Dec. 7, 2009)

- Scarola Ellis LLP v. Skyworks Ventures Inc., et al., No. 09-cv-08309-DLC (S.D.N.Y. Sept. 30, 2009) (CLOSED)

- In re Skyworks Ventures Inc., No. 10-24459-RTL (Bankr. D.N.J. May 11, 2010).

However, these actions do not preclude the filing of this action.

I certify that the foregoing statements made by me are true to the best of my information, knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _____
William J. Pinilis

Date: May 14, 2010

17

PINILISHALPERN, LLP
160 Morris Street
Morristown, NJ 07960
Tel: (973) 401-1111
Fax: (973) 401-1114
Attorney for Plaintiff
File No. 11303

| | |
|---|---|
| SKYWORKS VENTURES, INC., | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| | COUNTY OF MIDDLESEX |
| Plaintiff, | DOCKET NO. MID-C- |
| vs. | Civil Action |
| SCAROLA ELLIS, LLP, | CERTIFICATION OF FAXED SIGNATURE |
| Defendant. | |

WILLIAM J. PINILIS, ESQ., hereby certifies as to the following:

1.  I am an attorney-at-law of the State of New Jersey and am associated with the law firm of PinilisHalpern, LLP, attorneys for Plaintiff, Skyworks Ventures, Inc. I am the attorney entrusted with the handling of the within matter, and as such I am fully familiar with the facts contained therein.

2.  This Certification is made pursuant to Rule 1:4-4(c).

3.  Mr. Nasir Wajihuddin was unavailable to sign an original Verified Complaint.

4.  On May 14, 2010, upon telefaxing the signature page to the Verified Complaint and upon his signing and returning same to me, also via telefax, I telephoned Mr. Wajihuddin who acknowledged to me the genuineness of his signature appearing thereon.

5.  If requested, the original Certification will be filed with the Court upon receipt of same by this office.

I HEREBY CERTIFY that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _____

William J. Pipilis

Dated: May 14, 2010

Exhibit B

PINILISHALPERN, LLP
160 Morris Street
Morristown, NJ 07960
Tel: (973) 401-1111
Fax: (973) 401-1114
Attorney for Plaintiff
File No. 11303

SKYWORKS VENTURES, INC.,

               Plaintiff,

vs.

SCAROLA ELLIS, LLP,

              Defendant.

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION
COUNTY OF MIDDLESEX
DOCKET NO. MID-C-

*Civil Action*

ORDER TO SHOW CAUSE

THIS MATTER being brought before the Court on application filed by William J. Pinilis of PinilisHalpern, LLP, counsel for Plaintiff, Skyworks Ventures, Inc., seeking relief by way of preliminary injunction at the return date set forth below pursuant to Rule 4:52, based upon the facts set forth in the Verified Complaint filed herewith, and for good cause shown.

It is on this _____ day of _____ ORDERED that Defendant, Scarola Ellis, LLP, appear and show cause before the Superior Court at the Middlesex County Courthouse located at 1 John F. Kennedy Square, New Brunswick, New Jersey, on the _____ day of _____, 2010, at _____a.m./p.m., or as soon thereafter as counsel can be heard, why an order should not be issued:

    A. Enjoining Defendant from utilizing Plaintiff's confidential and proprietary information and/or contacting Plaintiff's investors;

    B. Directing Defendant to return to Plaintiff all of Plaintiff's property, including client files;

    C. Directing Defendant to purge from its data bases all of Plaintiff's proprietary

confidential information;

D. Enjoining Scarola from instituting or proceeding with any lawsuit seeking legal fess unless and until it first complies with R. 1:20A-6; and

E. Granting such other relief as the court deems equitable and just.

And it is further ORDERED that:

1.     A copy of this Order To Show Cause, Verified Complaint, Memorandum of Law, and proposed Order, submitted in support of this application be served upon the Defendant law firm Scarola Ellis, LLP, located at 888 Seventh Avenue, 45th Floor, New York New York, by overnight delivery, this being original process.

2.     Plaintiff must file with the Court its proof of service of the pleadings upon the Defendant no later than three (3) days before the return date.

3.     Defendant shall file and serve a written response to this Order to Show Cause and the request for entry of injunctive relief and proof of service by _____, 2010. The original documents must be filed with the Clerk of the Superior Court in the county listed above. A list of these offices is provided. You must send a copy of your opposition papers directly to the Honorable _____, JSC, at the Middlesex County Superior Courthouse, 1 John F. Kennedy Square, New Brunswick, New Jersey. Defendant must also send a copy of such opposition papers to William J. Pinilis, PinilisHalpern, LLP, the Plaintiff's attorney whose address appears above. A telephone call will not protect your rights; you must file your opposition and pay the required fee of $135.00 and serve your opposition on your adversary, if you want the Court to hear your opposition to the temporary relief that the plaintiff is seeking. These documents must be filed with the Clerk of the Superior Court in the county listed above. Include a $135.00 filing fee payable to the "Treasurer State of New Jersey." You

must also send a copy of your Answer to the Plaintiff's attorney whose name and address appear above. A telephone call will not protect your rights; you must file and serve your Answer (with the fee) or judgment may be entered against you by default. Please note: Opposition to the order to show cause is not an Answer and you must file both. Please note further: if you do not file and serve an Answer within 35 days of this Order, the Court may enter a default against you for the relief Plaintiff demands.

    4.    Plaintiff must file and serve any written reply to opposition to the within order to show cause by _____, 2010. The reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be sent directly to the chambers of Judge Wilson.

    5.    If no opposition is received to this order to show cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that the plaintiff files a proof of service, and a proposed form of order at least three days prior to the return date.

    6.    If the Plaintiff has not already done so, a proposed form of order addressing the relief sought on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the court no later than three (3) days before the return date.

    7.    Defendant should take notice that Plaintiff has filed a lawsuit against you in the Superior Court of New Jersey. The Verified Complaint attached to this order to show cause states the basis of the lawsuit. If you dispute this complaint, you, or your attorney, must file a written answer to the complaint and proof of service within 35 days from the date of service of this order to show cause; not counting the day you received it.

9.      If you cannot afford an attorney, you may call the Legal Services office in the county in which you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

10.      The Court will entertain argument, but not testimony, on the return date of the order to show cause, unless the court and parties are advised to the contrary no later than \_\_\_\_\_ days before the return date.

Honorable _____ , JSC

DEPUTY CLERKS ADDRESSES

Altantic County, 1201 Bacharach Boulevard, Atlantic City, NJ 08330
Bergen County Justice Center, 10 Main Street, Hackensack, NJ 07601
Burlington County Courts Facility, 49 Rancocas Road., Mount Holly, NJ 08060
Camden County Hall of Justice, 101 S. 5th Street, Camden, NJ 08103-4001
Cape May County Courthouse, Main Street, Cape May Court House, NJ 08210
Cumberland County Court House, Broad & Fayette St., Bridgeton, NJ 08302
Essex County Courts Building, 50 W. Market Street, Newark, NJ 07102
Gloucester County Court House, 1 North Broad Street, Woodbury, NJ 08096
Hudson County Administration Building, 595 Newark Avenue, Jersey City, NJ 07306
Hunterdon County Court House, Main Street, Flemington, NJ 08822
Mercer County Court House, PO Box 8068, Trenton, NJ 08650-0068
Middlesex County Court House, 1 Kennedy Square, New Brunswick, NJ 08903
Monmouth County Court House, 71 Monument Park, Freehold, NJ 07728
Morris County Court House, PO Box 900, Morristown, NJ 07963-0900
Ocean County Court House, 118 Washington St., Toms River, NJ 08754
Passaic County Court House, 77 Hamilton Street, Paterson, NJ 07505-2017
Salem County Court House, 92 Market St., Salem, NJ 08079
Somerset County Court House, PO Box 3000, Somerville, NJ 08876-1262
Sussex County Court House, 43-47 High Street, Newton, NJ 07860
Union County Court House, 2 Broad Street, Elizabeth, NJ 07207
Warren County Court House, 2nd & Hardwick Street, Belvidere, NJ 07823

|                      | LEGAL AID OFFICES | LEGAL SERVICES OFFICES      |
| -------------------- | ----------------- | --------------------------- |
| Atlantic County      | 609-348-4200      | 609-345-3444                |
| Bergen County        | 201-487-2166      | 201-488-0044 or 692-1011    |
| Burlington County    | 609-261-1088      | 609-261-4862                |
| Camden County        | 609-964-1002      | 609-964-4520                |
| Cape May County      | 609-465-3001      | 609-463-0313                |
| Cumberland County    | 609-692-2400      | 609-692-6207                |
| Essex County         | 973-622-1513      | 973-622-6207                |
| Gloucester County    | 609-848-5360      | 609-848-4589                |
| Hudson County        | 201-792-6363      | 201-798-2727                |
| Hunterdon County     | 908-782-7979      | 908-735-2611                |
| Mercer County        | 609-695-649       | 609-890-6200                |
| Middlesex County     | 732-249-7600      | 732-828-0053                |
| Monmouth County      | 732-747-7400      | 732-431-5544                |
| Morris County        | 973-285-6911      | 973-267-5882                |
| Ocean County         | 732-341-2727      | 732-240-3666                |
| Passaic County       | 973-345-7171      | 973-278-9223                |
| Salem County         | 609-451-0003      | 609-678-8363                |
| Somerset County      | 908-231-0840      | 908-685-2323                |
| Sussex County        | 201-383-7400      | 201-267-5882                |
| Union County         | 908-527-4769      | 908-353-4715                |
| Warren County        | 908-475-2010      | 908-267-5882                |

PINILISHALPERN, LLP
160 Morris Street
Morristown, NJ 07960
Tel: (973) 401-1111
Fax: (973) 401-1114
Attorney for Plaintiff
File No. 11303

SKYWORKS VENTURES, INC.,

                        Plaintiff,

vs.

SCAROLA ELLIS, LLP,

                      Defendant.

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION
COUNTY OF MIDDLESEX
DOCKET NO. MID-C-

*Civil Action*

ORDER ON PLAINTIFF'S
ORDER TO SHOW CAUSE

      THIS MATTER having been brought before this Court on Order to Show Cause filed in the above matter by Plaintiff, Skyworks Ventures, Inc., and the Court having considered the documents submitted and the argument of counsel, and for good cause shown;

      IT IS on this _____ day of _____, 2010

      ORDERED as follows:

      1.     Defendants are immediately enjoined from utilizing Plaintiff's confidential and proprietary information and/or contacting Plaintiff's investors;

      2.     Defendants shall to return to Plaintiff all of Plaintiff's property, including client files, within five days;

      3.     Defendants shall immediately purge from its data bases all of Plaintiff's proprietary confidential information, and provide proof to Plaintiff of compliance within five days;

      4.     Defendant is enjoined from instituting or proceeding with any lawsuit seeking legal fess unless and until it first complies with R. 1:20A-6; and

5.    A copy of this Order shall be served upon Defendant within three days

_____

Honorable                                    , JSC

_____ Opposed

_____ Unopposed

# Exhibit C

**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973) 597-9100
Jay L. Lubetkin
John J. Harmon
*Attorneys for Defendant Scarola Ellis, LLP*

| | |
|---|---|
| SKYWORKS VENTURES, INC, <br><br>                                 Plaintiff, <br><br>          -against – <br><br> SCAROLA ELLIS, LLP, <br><br>                              Defendant. | SUPERIOR COURT OF NEW JERSEY <br> COUNTY OF MIDDLESEX <br> DOCKET NO. MID-C-103-10 <br><br> Civil Action <br><br> NOTICE OF REMOVAL |

TO:        Clerk
                Superior Court of New Jersey
                Law Division: Middlesex County
                56 Paterson Street
                PO Box 964
                New Brunswick, NJ 08901

        PLEASE TAKE NOTICE that Defendant Scarola Ellis, LLP ("Scarola Ellis"),

pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and by a Notice of Removal filed in the

United States District Court for the District of New Jersey, a true copy of which,

without its Exhibit C (which is *this* Notice of Removal), is attached hereto as Exhibit 1,

has removed this action to that court.

        Scarola Ellis expressly reserves its rights with respect to all defenses,

including but not limited to those based on personal jurisdiction, venue, sufficiency

of process and standing.

Dated:      May 21, 2010

RABINOWITZ, LUBETKIN & TULLY, LLC

By _____
          **John Harmon**
*Attorneys for Defendant Scarola Ellis LLP*
293 Eisenhower Parkway, Suite 100
Livingston, NJ  07039
Tel.:  (973) 597-9100

- and -

SCAROLA ELLIS LLP
*Attorneys Pro Se*
888 Seventh Avenue – 45th Floor
New York, NY  10106
Tel.:  (212) 757-0007

2